UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 8:18-cv-616-T-23TGW |
| | ) |
| v. | ) |
| | ) |
| ALVIN R. BURDEN, individually and d/b/a | ) |
| A&L ENTERPRISES | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States of America, by and through undersigned counsel, complains and alleges as follows:

1. Plaintiff, the United States, brings this action to permanently enjoin Alvin R. Burden ("Burden"), individually and doing business as A&L Enterprises, and all those acting in concert or participation with from:

    a. Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents and forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than himself;

    b. Engaging in activity subject to penalty under 26 U.S.C. §§ 6694; and

    c. Engaging in any fraudulent or deceptive conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7402, 7407, and 7408.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in this Court pursuant to 26 U.S.C. § 7407(a) and 28 U.S.C. § 1391(b), because Burden resides in Pinellas County, within this District, and a substantial part of the events or omissions giving rise to the United States' claims occurred in this District.

## DEFENDANT

5. Burden works as an unenrolled paid tax preparer and prepares federal income tax (Form 1040) returns for individual taxpayers.

6. Burden resides at 2020 11th Street South, St. Petersburg, Florida. He owns and operates a tax return preparation business called A&L Enterprises located at 1621 16th Street South, St. Petersburg, Florida. Burden has a general equivalency diploma. He has no college degree or tax-related professional certifications.

7. Burden uses Taxware software to prepare and electronically file tax returns. In interviews with IRS investigators, Burden's customers stated they have paid fees that range between $175 and $1,250 per return. The fees are paid directly to Burden or deducted from the refund claimed resulting in the customer receiving the refund net of Burden's fees.

8. Burden obtained a Preparer Tax Identification Number (PTIN) PXXXX8880 from the IRS, but does not have his own Electronic Filing Information Number (EFIN). According to

the IRS, the EFIN Burden uses to file returns electronically (XX7949) is assigned to Mauhiayadin Burden, one of his sons.

## BURDEN'S ACTIVITIES

9. Prior to the 2013 filing season, Burden did not file returns under his assigned PTIN. Rather, unbeknownst to the IRS at that time, Burden filed tax returns for others using his son Torrey Burden's PTIN (PXXXX8644). On April 16, 2013, this Court entered a permanent injunction by consent against Torrey Burden that bars him from preparing federal tax returns for others. *See United States v. Torrey Burden*, Case No. 8:13-cv-00247-SDM-MAP (M.D. Fla.).

10. Beginning in 2013, Burden filed returns for customers that identified him as the preparer. Nearly all of the returns prepared by Burden between 2013 and 2016 claimed a refund, as illustrated in the table below:

| Year | Number of Returns | Returns Claiming Refunds |
|---|---|---|
| 2013 | 241 | 229 |
| 2014 | 282 | 277 |
| 2015 | 279 | 276 |
| 2016 | 317 | 312 |

11. In 2015, the IRS started an investigation of Burden's practices as a return preparer. The IRS selected a sample of Burden's customers for audit. The audit resulted in the IRS assessing an additional $414,000 in taxes against Burden's customers based on the IRS' determination that their tax returns (which Burden prepared) understated their tax liability. The IRS completed the project in April 2017.

3

12. The IRS' investigation of Burden through audits of his customers' returns revealed that he uses several schemes to understate tax liabilities, overstate credits, and claim improper refunds for his customers. The schemes are described below. To protect the identities of those individuals, the complaint refers to each customer by number, *e.g.*, Customer 1 (abbreviated to C1). The United States will serve Burden with a customer key—which identifies each customer by name and social security number—along with a copy of the complaint and summons.

## FALSIFIED SCHEDULES C

13. One of Burden's signature frauds is claiming false business expenses to create a net business loss. On numerous returns, Burden has used Schedule C – Profit or Loss from Business to reduce customers' taxable income by falsifying business expenses. The IRS has identified returns prepared by Burden that falsely claimed business expenses. Many returns claim business expenses that are either personal expenses or entirely fictitious. Burden's customers told the IRS they have no idea where the figures came from that Burden reported on their Schedule C. Most customers did not own or operate a business and they did not tell Burden that they did.

14. The following are examples of falsified Schedules C Burden prepared:

a. On the 2014 and 2015 Form 1040 income tax returns for C1, Burden falsely reported on the Schedule C that C1 had a travel business called Breeze Travel. C1 told the IRS he did not have a travel business and that he did not tell Burden he had a travel business. C1 further stated that Burden told him to use the travel business to get a refund to recoup money he spent on airline tickets to travel for work. Burden falsely reported C1's net business loss as $32,028 for 2014 and as $24,934 for 2015. C1 told the IRS his employer provided uniforms and

a per diem for the same business expenses Burden falsely claimed on the Schedule C he prepared for C1.

b. On the 2014 and 2015 Form 1040 income tax returns for C2, Burden falsely reported on the Schedule C that C2 operated a travel business for both years. C2 told the IRS she was not aware that Burden listed an unnamed travel business and that he falsified numbers on her returns. Burden falsely reported a net business loss as $22,796 for 2014 and as $16,881 for 2015.

c. On a 2013 Form 1040 income tax return for C3 and C4, Burden improperly tried to recoup all of the couple's personal expenses such as household rent, supplies, and utilities by listing them as business expenses, which totaled $13,036. The Other Expenses category on the Schedule C included mileage, uniforms, and laundry that totaled $15,778. The couple told the IRS they do not know how Burden came up with the figures because they provided no documentation. Burden reported a false net business loss for C3 and C4 of $25,870.

d. Just like the joint tax return Burden prepared for 2013 for C3 and C4, he improperly tried to recoup all of C4's personal expenses as business expenses on her 2014 Form 1040 tax return since she filed separately from her husband. Burden reported C4's net business loss as $33,063. C4 told the IRS she provided no documentation to Burden to support any of the figures he reported on the Schedule C and that Burden made up many of the figures, such as office expenses, advertising expenses, supplies, travel, gas, and uniforms.

## IMPROPER EARNED INCOME TAX CREDIT CLAIMS

15. In addition to artificially reducing the taxable income he reports for customers, Burden uses falsified Schedules C to inflate or fabricate Earned Income Tax Credit (EITC) claims on returns he prepares. The EITC is a benefit for working taxpayers with low to moderate

5

income. It is a refundable credit, which means that a taxpayer is entitled to receive the credit even if it exceeds the tax reported on a return. The amount of EITC for which taxpayers may qualify increases in relation to their earned income until they reach a certain threshold, over which they become ineligible to claim the credit. By claiming losses on a Schedule C, Burden manipulates the earned income shown on returns he prepares to maximize the amount of the EITC that he claims. This allows customers to receive refunds to which they are not entitled.

16. The amount of earned income that a taxpayer reports is not the only factor in determining the amount of the EITC a qualifying taxpayer may claim. The EITC of a qualifying taxpayer increases with each additional dependent claimed, up to three dependents. To maximize the EITC claimed on returns he prepared, Burden claimed dependents his customers did not have.

17. To illustrate two examples:

a. On the 2014 and 2015 Form 1040 income tax returns for C1, Burden claimed the EITC of $1,420 and $1,239, respectively. On Form 8867, Paid Preparer's Earned Income Credit Checklist, Burden checked that he reviewed C1's daughter's school records for 2014 and C1's son's medical records for 2015 as proof of residency of the qualifying children. C1 told the IRS he claimed his niece for 2014 and nephew for 2015, but neither lived with him during those years. According to C1, Burden did not ask where the children lived and C1 did not tell him where they lived. C1 was not eligible to claim the EITC because his niece and nephew did not live with him during 2014 and 2015. Even if C1 had a qualifying child for each year, C1's actual income exceeded the threshold to claim the EITC. The false net business losses reported by Burden on the Schedule C reduced C1's income by 52% for 2014 and by 44% for

2015. By reporting false business losses, Burden reduced C1's income to fall below the income limits to claim the EITC.

  b. On the 2013 and 2014 Form 1040 income tax returns for C5, Burden claimed the EITC of $2,193 and $4,998, respectively. C5's actual income was too high to claim the credits for either year. Burden reported false business losses on the Schedule C to reduce artificially C5's earned income for both years and to claim the maximum amount of refundable EITC. The false net business losses reported by Burden on the Schedule C reduced C5's income by $49,298 for 2013 and by $40,711 for 2015, which resulted in her reported income falling below the income limits to claim the EITC.

### FILING STATUS

18. Another one of Burden's fraudulent schemes is misrepresenting his customers' filing status. This scheme involves fraudulently classifying taxpayers required to file a return as single or as a married individual (either filing jointly with or separately from their spouse) as heads of household. The purpose of Burden fraudulently claiming the head of household status is to increase the standard deductions he reports. For instance, for tax year 2017 an individual who is married and files separately can claim a standard deduction of $6,350. By comparison, a head of household filer is entitled to a standard deduction of $9,350. By wrongfully claiming head of household status, Burden increases the standard deductions he claims for customers in order to underreport the tax they owe and, in many cases, overstate the refund to which they are entitled.

19. On a 2014 and 2015 Form 1040 income tax returns for C1, Burden improperly reported C1's filing status as head of household instead of single. The head of household filing status was incorrect because C1 did not have any dependents living with him. Burden claimed the head of household status and fraudulently increased C1's standard deductions by $2,900 for

2014 and by $2,950 for 2015. Burden also fraudulently increased C1's personal exemptions by $3,950 for 2014 and by $4,000 for 2015. The increases to standard deductions and personal exemptions reduced C1's taxable income for both years. Burden grossly underreported C1's tax liabilities as $263 for 2014 and as $461 for 2015, when they were in fact $7,163 and $7,666 respectively. Burden caused C1 to receive improper refunds of $8,161 for 2014 and $7,525 for 2015. In reality, C1 owed the IRS $159 for 2014 and $919 for 2015.

## OTHER SCHEMES

20. Burden's fraudulent activities are not limited to these schemes. Indeed, he has shown a willingness to invent credits and deductions on a whole host of subjects. For instance:

   a. On the 2013 Form 1040 tax return for C1, Burden falsely reported a charitable contribution deduction on the Schedule A – Itemized Deductions. C1 told the IRS he did not mention anything about a charitable contribution and Burden did not ask if he made any contributions. Nonetheless, Burden reported $9,498 in charitable contributions on the Schedule A. C1 could not provide any documentation to the IRS that supported the charitable contributions figure.

   b. In addition to the fraudulent charitable contributions, Burden nearly doubled the appropriate unreimbursed employee expenses for C1 in the 2013 Form 1040 tax return. C1 told the IRS he purchased airline tickets to travel for work out of state and that he told Burden he paid $11,000. Burden reported a fictitious figure of $21,879, even though Form 2106 Employee Business Expenses indicated $11,000 for travel expense. The IRS disallowed the entire $21,879 because C1 could not provide any documentation to support the travel expense.

      c.     On the 2014 and 2015 Form 1040 tax returns for C1, Burden claimed the child tax credit of $1,000. However, C1 was not eligible for the child tax credit because he did not have a qualifying child during 2014 and 2015.

### HARM TO THE UNITED STATES

21.    Burden's pattern of preparing returns that understate his customers' taxes and/or overstate their refunds, through the schemes described above, has resulted in the loss of significant federal tax revenue.

22.    In many instances, Burden's understatement of his customers' liabilities and his other fraudulent practices caused the United States to issue refunds that the customers were not entitled to receive.

23.    Based on the returns it has examined, the IRS estimates that the United States has lost hundreds of thousands of dollars in tax revenue from Burden's consistent understatement of liabilities and overstatement of refunds. In addition, the United States has had to bear the substantial cost of examining the returns Burden has prepared and collecting the understated liabilities from his customers.

24.    In addition to the direct harm caused by preparing tax returns that fraudulently understate customers' tax liabilities and overstate their refunds, Burden's activities encourage noncompliance by his customers with the internal revenue laws by failing to confirm with his customers that their returns were honest and accurately reflected the information they provided. Similarly, Burden's fraudulent use of the EITC undermines public confidence in a statutory credit meant to encourage low-income workers with young children to maintain employment.

## COUNT I: INJUNCTION UNDER 26 U.S.C. § 7407
## FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. §§ 6694 AND 6695

25. The United States incorporates by reference the allegations in paragraphs 1 through 24.

26. Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a person who is a tax return preparer from engaging in certain conduct or from further acting as a tax return preparer. The prohibited conduct justifying an injunction includes, among other things, the following:

   a. Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to an unreasonable position that the preparer knew or should have known was unreasonable;

   b. Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a return that contains an understatement of tax liability or an overstatement of a refund due to willful or reckless conduct;

   c. Engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

27. For a court to issue such an injunction, the court must find that:

   a. The tax return preparer engaged in the prohibited conduct; and

   b. Injunctive relief is appropriate to prevent the recurrence of such conduct.

28. If a tax return preparer's conduct is continual or repeated and the court finds that a narrower injunction would not be sufficient to prevent the preparer's interference with the proper administration of the internal revenue laws, the court may permanently enjoin the person from acting as a tax return preparer. *See* 26 U.S.C. § 7407(b).

29. Burden has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing returns that understate the filers' tax liabilities and overstate their refunds. As described above, Burden has prepared returns that claim deductions for expenses that were not incurred by the taxpayers and credits to which the taxpayers are not entitled. Burden has done so with the knowledge that the positions he took on the returns were unreasonable and lacked substantial authority. Burden has thus engaged in conduct subject to penalty under 26 U.S.C. § 6694(a).

30. Additionally, Burden has engaged in conduct subject to penalty under 26 U.S.C. § 6694(b) by willfully understating customers' liabilities and acting with a reckless and intentional disregard of rules and regulations.

31. Burden's conduct substantially interferes with the administration of the internal revenue laws. Injunctive relief is necessary to prevent this misconduct because, absent an injunction, Burden is likely to continue preparing false federal income tax returns.

32. A narrower injunction would be insufficient to prevent Burden's interference with the administration of the internal revenue laws. Burden prepares returns understating the filers' liabilities through multiple schemes that report false information on his customers' tax returns. In addition, the IRS may not yet have identified all of the schemes used by Burden to understate liabilities. Failure to permanently enjoin Burden will require the IRS to spend additional resources to uncover all of his future schemes. The harm resulting from these schemes includes both the expenditure of these resources and the revenue loss caused by the improper deductions and credits Burden claim on returns he prepares. Accordingly, only a permanent injunction is sufficient to prevent future harm. The Court should permanently enjoin Burden from acting as a tax return preparer.

## COUNT II: INJUNCTION UNDER 26 U.S.C. § 7408
## FOR CONDUCT SUBJECT TO PENALTY UNDER 26 U.S.C. § 6701

33. The United States incorporates by reference the allegations contained in paragraphs 1 through 24.

34. Section 7408 of the Internal Revenue Code authorizes a district court to enjoin any person from engaging in conduct subject to penalty under 26 U.S.C. § 6701, which penalizes a person who aids or assists in the preparation of tax returns that the person knows will result in an understatement of tax liability.

35. Burden has engaged in conduct subject to penalty under 26 U.S.C. § 6701 by preparing income tax returns that claim credits and deductions that he knew to be improper, false, and/or inflated.

36. Burden's repeated actions fall within 26 U.S.C. § 7408, and injunctive relief is appropriate to prevent recurrence of this conduct.

## COUNT III: INJUNCTION UNDER 26 U.S.C. § 7402 FOR UNLAWFUL
## INTERFERENCE WITH THE ENFORCEMENT OF INTERNAL REVENUE LAWS

37. The United States incorporates by reference the allegations contained in paragraphs 1 through 24.

38. Section 7402(a) of the Internal Revenue Code authorizes a court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

39. Burden has repeatedly and continually engaged in conduct that interferes substantially with the administration and enforcement of the internal revenue laws.

40. If Burden continue to act as a tax return preparer, his conduct will result in irreparable harm to the United States, and the United States has no adequate remedy at law.

41. Burden's conduct has caused and will continue to cause substantial tax losses to the United States Treasury, much of which may be undiscovered and unrecoverable. Moreover, unless Burden is enjoined from preparing returns, the IRS will have to devote substantial and unrecoverable time and resources auditing his customers individually to detect understated liabilities and overstated refund claims.

42. The detection and audit of erroneous tax credits and deductions claimed on returns prepared by Burden would be a significant burden on IRS resources.

WHEREFORE, Plaintiff, the United States of America, respectfully prays for the following:

A. That the Court find that Burden has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695 and that injunctive relief is appropriate under 26 U.S.C. § 7407 to prevent recurrence of that conduct;

B. That the Court find that Burden has repeatedly and continually engaged in conduct subject to penalty under 26 U.S.C. § 6701 and that injunctive relief is appropriate under 26 U.S.C. § 7408 to prevent recurrence of that conduct;

C. That the Court find that Burden has repeatedly and continually engaged in conduct that substantially interferes with the proper enforcement and administration of the internal revenue laws and that injunctive relief is appropriate under 26 U.S.C. § 7402(a) to prevent recurrence of that conduct;

D. That the Court enter a permanent injunction prohibiting Burden and any other persons working in concert or participation with him from directly or indirectly:

(1) Preparing, assisting in the preparation of, or directing the preparation of federal tax returns, amended returns, or other tax-related documents or

        forms, including any electronically submitted tax returns or tax-related documents, for any entity or person other than himself;

    (2)    Transferring, selling, or assigning his customer lists and/or other customer information;

    (3)    Engaging in activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and/or 6701;

    (4)    Engaging in conduct that substantially interferes with the proper administration and enforcement of the tax laws.

E.    That the Court enter an injunction requiring Burden, at his own expense:

    (1)    To send by certified mail, return receipt requested, a copy of the final injunction entered against Burden in this action, as well as a copy of the Complaint setting forth the allegations as to how Burden fraudulently prepared federal income tax returns, to each person for whom Burden prepared federal income tax returns or any other federal tax forms after January 1, 2013;

    (2)    To turn over to the United States the names and social security numbers of customers for whom he prepared returns after January 1, 2013;

    (3)    To surrender to the Secretary of the Treasury or his delegate any and all PTINs held by, assigned to, or used by Burden pursuant to 26 U.S.C. § 6109, and the EFINs held by, assigned to, or used by Burden;

    (4)    To prominently post a copy of the injunction in Burden's place of business where tax returns were prepared by Burden;

(5) To deliver a copy of the injunction to Burden's employees, contractors, and vendors;

(6) To file a sworn statement with the Court evidencing Burden's compliance with the foregoing directives within forty-five (45) days of entry of the final injunction in this action; and

(7) To keep records of Burden's compliance with the foregoing directives, which may be produced to the Court, if requested, or the United States pursuant to paragraph G, *infra*;

F. That the Court enter an order allowing the United States to monitor Burden's compliance with the injunction and to engage in post-judgment discovery in accordance with the Federal Rules of Civil Procedure; and

G. That the Court grant the United States such other and further relief as the Court deems appropriate.

Date: March 13, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-353-1988 (v)
202-514-9868 (f)
Mary.E.Smith@usdoj.gov

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Alvin R. Burden, individually and d/b/a A&L Enterprises

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Pinellas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Elizabeth Smith, U.S. Dept. of Justice, Tax Division; 555 4th Street, NW, Room 6217, Washington, D.C. 20001; (202) 353-1988; mary.e.smith@usdoj.gov

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | |
| ☐ 290 All Other Real Property |  ☐ **Other:** | ☐ 462 Naturalization Application |  | |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  | |
|  |  ☐ 550 Civil Rights |  |  | |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  | |
|  |  ☐ 560 Civil Detainee - Conditions of Confinement |  |  | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 U.S.C. §§ 7402, 7407, 7408
Brief description of cause:
Complaint for permanent injunction against tax return preparer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE  03/13/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Mary Elizabeth Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____