UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 8:18-cv-616-T-23TGW

ALVIN R. BURDEN,

    Defendant.
_____/

## **ORDER**

In this tax-fraud action, the United States alleges (Doc. 1) that Alvin Burden knowingly or recklessly prepared tax returns that understate taxable income, that claim deductions not available to the customers, or that elect designations (for example, "head of household") not applicable to the customers. On April 17, 2018, the clerk entered a default (Doc. 8) against Burden, and the United States moves (Doc. 9) for a default judgment and for a permanent injunction against Burden.

## **DISCUSSION**

By defaulting, Burden admits a well-pleaded allegation of fact in the complaint. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1978). Between 2013 and 2016, Burden prepared more than a thousand tax returns, for which he charged between $175 and $1250. The IRS audited a representative sample of the tax returns, and the audit revealed several mechanisms to understate a

taxpayer's income or to claim a credit not available to the taxpayer.  In several tax returns prepared by Burden, the taxpayer claimed business losses, which reduced the customer's taxable income.  But Burden admits that the customers operated no business, that the customers never instructed Burden to claim a business expense, and that the customers could not lawfully deduct the expense.  In some instances, the tax returns prepared by Burden claimed personal expenses (for example, the cost of rent or laundry) as business expenses.  Also, several tax returns prepared by Burden claim the Earned Income Tax Credit even though no qualifying dependent lived with the taxpayer.  Again, Burden admits either knowing about the falsity of a return or lacking a reasonable basis to invoke the Earned Income Tax Credit.  Additionally, several tax returns prepared by Burden claim an inapplicable designation.  For example, some returns claimed "head of household" status instead of "single" status, a mischaracterization that increases the standard deduction and reduces the tax burden.  The fraudulent tax refunds caused the Treasury Department to refund to Burden's customers more money than the United States owed the customers.

The United States requests an injunction under 26 U.S.C. §§ 7407, 7408, and 7402.  Section 7407 authorizes an injunction against a tax preparer subject to sanction under Section 6694, which penalizes a tax preparer's knowingly, willfully, or recklessly understating a taxpayer's liability.  Similarly, Section 7408 authorizes an injunction against a person subject to sanction under Section 6701, which penalizes a person who assists in preparing a tax return that the person knows to understate the

taxpayer's tax liability. Finally, Section 7402 authorizes an injunction "necessary or appropriate for the enforcement of the internal revenue laws."

Burden admits to a protracted scheme to prepare fraudulent tax returns, which cost the United States (at least) tens of thousands of dollars in improper refunds. Burden prepared more than a thousand tax returns over the past five years, and the United States correctly observes (Doc. 9 at 11-19) that an injunction is necessary to deter Burden's continued preparation of fraudulent tax returns. The motion (Doc. 9) for a default judgment and for an injunction is **GRANTED**.

### INJUNCTION

I. Alvin Burden (and a person in active concert with Burden) must not prepare a tax document for a person other than himself, must not assist in preparing a tax document for a person other than himself, and must not direct the preparation of a tax document for a person other than himself. But Burden may prepare, assist in preparing, or direct the preparation of a tax document for Burden's spouse or for a minor dependent on Burden. A "tax document" includes a federal tax return and an amended federal tax return, whether submitted electronically or by mail.

II. Burden must not sell, convey, assign, or transfer (except as provided below) the list of customers for whom Burden or A&L Enterprises prepared a tax return.

III. No later than **SEPTEMBER 30, 2018**, Burden:

> (1) must surrender to the Secretary of the Treasury (or to the Secretary's delegate) every Preparer Tax Identification Number (PTIN) used by, or assigned to, Burden.
>
> (2) must send by certified mail, return receipt requested, the complaint (Doc. 1) and this order to the last known address of every person for whom Burden prepared a tax return or assisted

in preparing a tax return after January 1, 2013. Burden must pay for printing and mailing.

(3) must submit to the United States the name and social security number of every customer for whom Burden or A&L Enterprises prepared a tax return or assisted in preparing a tax return after January 1, 2013.

(4) must affix this order conspicuously to the front door of Burden's office (or on the front door of the place where Burden prepares tax returns). If Burden no longer maintains an office, Burden must affirm under oath that Burden no longer operates an office.

IV. No later than **OCTOBER 10, 2018**, Burden must submit a sworn affidavit that affirms compliance with this injunction.

Jurisdiction is retained to enforce and to modify this order. The clerk is directed (1) to enter judgment for the United States and against Alvin R. Burden on all counts and (2) to close the case.

ORDERED in Tampa, Florida, on July 10, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE